NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YOR YELSIN FERNANDEZ
QUISPE; ALIANA YAMILETH
FERNANDEZ ALARCON,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3769

Agency Nos.
A216-292-245
A216-292-246

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2025**
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Yor Yelsin Fernandez Quispe and his minor daughter, natives and citizens of

Peru, petition for review of the Board of Immigration Appeals' ("BIA") decision

dismissing their appeal from the Immigration Judge's ("IJ") decision denying their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum and withholding of removal.[1]  "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision."  *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020).  As the parties are familiar with the facts, we do not recount them here.  We deny the petition for review.

1.  Fernandez Quispe argues that the IJ violated his due process rights by cutting off his testimony regarding "facts that would establish his credibility," specifically that he "had a high standard of living in Peru and that he truly fled to save his life and his daughter's—not to pursue economic opportunities in the United States."  We decline to consider Fernandez Quispe's procedural due process claim because he failed to exhaust it before the BIA.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)); *see also Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (explaining that while constitutional challenges are generally excepted from exhaustion, exhaustion applies to due process claims concerning

---

[1] Before this court, they do not raise, and therefore have waived, their claim for protection under the Convention Against Torture.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (arguments not "specifically and distinctly" raised in the opening brief are deemed waived (citation omitted)).

alleged procedural errors that the BIA could have addressed).

Moreover, it is unnecessary for us to address Fernandez Quispe's argument that the IJ erred in finding him not credible because the BIA did not rely on the IJ's adverse credibility determination and assumed Fernandez Quispe was credible, as do we.

2. The BIA denied asylum and withholding of removal because, among other grounds, Fernandez Quispe's proposed particular social group was not cognizable.[2]  To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (citation omitted).  The ultimate question of whether a particular social group is cognizable is a question of law that is reviewed de novo.  *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).  However, the subsidiary questions of particularity, immutability, and social distinction involve factual issues that are reviewed for substantial evidence.  *See id.*

The BIA properly determined that Fernandez Quispe's proposed particular social group of "affluent businessmen with children of a vulnerable age" was not cognizable.  Substantial evidence supports the BIA's determination that Fernandez

---

[2] Before this court, Fernandez Quispe does not challenge, and therefore has waived, the BIA's denial of relief based on political opinion.  *See Velasquez-Gaspar*, 976 F.3d at 1065.

Quispe did not establish immutability. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity."). Fernandez Quispe does not address the BIA's determination that he failed to demonstrate social distinction. The BIA did not rely on particularity. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board.").

Fernandez Quispe contends that "the IJ should have analyzed whether [his daughter] falls into a particular social group for purposes of asylum." However, as the BIA noted, his daughter's application was based on his claim and there was no indication what particular social group his daughter was prevented from presenting.

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.